811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen Raymond PHIPPS, Plaintiff-Appellant,
v.
Pat KEOHANE, Queen Thomas, Art Youngs, and S. Brooks,
Defendants-Appellees.
 No. 86-5611.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1986.
 
 Before ENGEL and JONES, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's grant of summary judgment to the defendants in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner at the Federal Correctional Institution in Memphis, Tennessee. The defendants are prison officials. The plaintiff's complaint alleges that the prison regulation governing the handling of legal mail is unconstitutional. The district court held that the requirements that the mail be opened in the presence of inmates and that the mail be marked as "special mail" were reasonable and constitutional.
 
 
 3
 In their brief, the defendants argue that there is a jurisdictional defect in this case. The district court received a notice of interlocutory appeal from the plaintiff earlier in the case, but the court did not forward that notice of appeal to this Court. Rather, it retained the notice of appeal and utilized it as an appeal from the final judgment in this case. Therefore, the defendants argue that only the denial of the preliminary injunction is currently before the Court.
 
 
 4
 The general rule is that if a mistake is made in designating the judgment, the appeal is not lost as long as the intent to appeal a specific judgment can be fairly inferred from a notice of appeal. Foman v. Davis, 371 U.S. 178, 181 (1962). We hold that the intent to appeal the final judgment can be fairly inferred from this notice of appeal. Moreover, it would be unfair to hold the district court's improper handling of the notice of appeal against this pro se prisoner.
 
 
 5
 Concerning the merits, 28 C.F.R. Sec. 540.2(c) requires that legal mail be marked "special mail--open only in the presence of the inmate." All other mail is "general mail" that can be opened outside of the presence of the inmate. 28 C.F.R. Sec. 540.2(a). The district court held that the regulation concerning legal mail was clearly reasonable. We agree with this conclusion.
 
 
 6
 In Wolff v. McDonnell, 418 U.S. 539, 576 (1974), the Supreme Court approved the policy of a state prison which allowed the opening of legal mail in the presence of the prisoner. That holding also applies in the present case. Moreover, the Court stated:
 
 
 7
 We think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment.
 
 
 8
 Id. at 576. So the regulation requiring the marking of legal mail is also valid. The district court was correct to grant summary judgment to the defendants.
 
 
 9
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.